**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

TIFFANY E. THORNTON            )
                               )
        Plaintiff,             )
                               )
v.                             )        Case No.: 5:19-cv-1523-LCB
                               )
SOUTHERN MANAGEMENT            )
CORPORATION, et al.,           )
                               )
        Defendants.            )

## <u>MEMORANDUM OPINION</u>

On August 9, 2019, the Plaintiff and her husband, Shane Thornton, filed a complaint in the Circuit Court of Limestone County, Alabama, jointly alleging invasion of privacy, intentional infliction of emotional distress, and trespass. Additionally, Shane Thornton alleged a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq. On September 13, 2019, the Defendants, pursuant to 28 U.S.C. § 1441, removed the case to federal court based on their assertion that this Court had original jurisdiction of the TILA claim under 28 U.S.C. § 1331. The Defendants also asserted that this Court had supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. § 1337.

The Plaintiffs did not file a motion to remand. Rather, on September 24, 2019, Shane Thornton voluntarily dismissed all of his claims, and Tiffany Thornton filed

an amended complaint asserting only state-law causes of action.[1]  (Doc. 22).

Because this Court does not have original jurisdiction over the Plaintiff's state-law

claims, the Court entered an order *sua sponte* for the Defendants to show cause as to

why this case should not be remanded to the Limestone County Circuit Court.

In their response, the Defendants correctly pointed out that this Court could

retain jurisdiction over the case because a district court determines whether it has

subject-matter jurisdiction at the time of removal, and later changes to the pleadings

do not affect the court's exercise of that jurisdiction.  *See Pintando v. Miami-Dade*

*Hous. Agency,* 501 F.3d 1241, 1244 n. 2 (11th Cir. 2007)("the district court must

look at the case at the time of removal to determine whether it has subject-matter

jurisdiction. Later changes to the pleadings do not impact the court's exercise of

supplemental jurisdiction.").  However, the Defendants also noted that whether to

retain supplemental jurisdiction after dismissing the claim giving rise to federal

jurisdiction is a discretionary call.  *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556

U.S. 635, 639, 129 S. Ct. 1862, 1866, 173 L. Ed. 2d 843 (2009)("With respect to

supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction

over specified state-law claims, which it may (or may not) choose to exercise.  *See*

§§ 1367(a), (c).  A district court's decision whether to exercise that jurisdiction after

---

[1] Mr. Thornton filed a notice of voluntary dismissal on September 24, 2019 (Doc. 9), and this
Court entered an order dismissing Mr. Thornton on October 29, 2019.  (Doc. 23).

dismissing every claim over which it had original jurisdiction is purely discretionary.")

In *Carnegie-Mellon Univ. v. Cohill*, the Supreme Court held:

> [A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.

484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988)(footnote omitted). The Defendants have alleged that this Court should retain jurisdiction over the state-law claims because, it says, the Thorntons appear to be engaging in forum shopping by dismissing Mr. Thornton's claims. This allegation is not well taken. As noted, the Plaintiff has not sought to have this case remanded. Rather, this Court inquired about subject-matter jurisdiction because of its obligation to ensure that such jurisdiction does in fact exist. Accordingly, the Court finds that the values of judicial economy, convenience, fairness, and comity weigh in favor of remanding this case to the Limestone County Circuit Court.

The Defendants have also asked this Court to enter an order barring the Plaintiff and Shane Thornton from pursuing any federal-law claims on remand. The Court declines to enter such an order.

For the foregoing reasons, this case is due to be **DISMISSED WITHOUT PREJUDICE** and **REMANDED** to the Limestone County Circuit Court. A separate order will be entered.

**DONE** and **ORDERED** this November 21, 2019.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE